IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON, WEST VIRGINIA

J.M., a minor,
by and through TANYA LARDIERI,
his Parent and Next Friend,

    Plaintiff,

v.                                                         CIVIL ACTION NO.: 2:15-cv-04822

LOGAN COUNTY BOARD
OF EDUCATION, *et al*,

    Defendants.

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

**COME NOW** the Defendants, Logan County Board of Education, Logan Middle School, Phyllis Adkins, William Davis, Mark McGrew, Dr. Pat White, and James Frye, each in their official capacities, Wilma Zigmond, Ernestine Sutherland, David Burroway, Howard Rockhold, Anita Gore, and Christopher Marcus, each in their individual and official capacities, by counsel Duane J. Ruggier II, Jacob D. Layne, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe PLLC, and pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* and Local Rule 7.1, hereby presents their memorandum of law in support of *Defendants' Motion to Dismiss for Plaintiff's Failure to Prosecute*. In further support thereof, the Defendants state and aver as follows:

Tanya Lardieri filed the present action on behalf of her son, "JM" on April 15, 2015, asserting various state and federal constitutional tort claims against the Logan County Board of Education and Logan Middle School, as well as numerous Board and School officials in their individual and official capacities. (*See generally*, Pl.'s Compl.). Despite having filed the

Complaint on April 15, 2015, Plaintiff did not begin to attempt service of process upon Defendants until at least August 6, 2015, when summons were submitted by Plaintiff to the Court for issuance. (*See* ECF No. 4, 5). Numerous Defendants were served shortly thereafter. However, Plaintiff failed to file returns of service with Court as is required by Rule 4(l) of the *Federal Rules of Civil Procedure*.[1]

On August 31, 2015, Defendants filed their Rule 12(b)(6) *Motion to Dismiss* and supporting *Memorandum of Law* arguing to the Court that Plaintiff's Complaint failed to state a claim for which relief may be granted. (ECF No. 7, 8). Under the Local Rules, a responsive pleading was due to the Court on September 14, 2015. *See* LR Civ. P. 7.1(a)(7). To date, in excess of one month following the deadline, Plaintiff has failed to file a responsive pleading.

Thereafter, Defendants filed their *Motion to Strike* on October 2, 2015, moving that the Court strike any pleading filed by Plaintiff in response to their previously filed Motion to Dismiss, as such responsive pleading is untimely. (ECF No. 9). The subsequent fourteen day time period for Plaintiff to respond to Defendants' *Motion to Strike* expired on October 16, 2015. As of the present, Plaintiff also failed to file a response to the *Motion to Strike*.

The United States Supreme Court has held that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*.

---

[1] Defense counsel notes that it agreed to accept service of process for some of the named defendants who Plaintiff's counsel stated that he was having difficulty locating. However, Defense counsel did agree to waive or accept service of process of all Defendants.

Federal Rule of Civil Procedure 41(b) is "intended as a safeguard against delay in litigation and harassment of a defendant." 9 Fed. Prac. & Proc. Civ. § 2370 (3d ed.).

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. Except in limited circumstances, dismissal pursuant to a Rule 41 defense motion "operates as an adjudication on the merits." *Id.*

In regard to a motion to dismiss for failure to prosecute, the Fourth Circuit has held:

> This Circuit requires that the trial court consider four factors before dismissing a case for failure to prosecute:
>
> (1) the plaintiff's degree of personal responsibility;
> (2) the amount of prejudice caused the defendant;
> (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
> (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990); *See also Bauer v. C.I.R.*, 97 F.3d 45, 49 (4th Cir. 1996).

In regard to factors one and three, Plaintiff is wholly responsible for his failure to prosecute his case and has a history of proceeding in a dilatory fashion. Plaintiff filed the matter on April 15, 2015. However, Plaintiff did not attempt service of process until in excess of three months of the filing, which is just prior to the service of process deadline under Rule 4(m). Then, after service, Plaintiff wholly failed to respond to Defendants' Rule 12(b)(6) Motion to Dismiss and Defendants' Motion to Strike Plaintiff's response to said Motion. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00331, 2014 WL 4063828, at *4 (S.D.W. Va. Aug. 14, 2014) (Discussing Plaintiff's failure to respond to motions and discovery as being indicative of a failure to prosecute). In excess of one month has transpired since the deadline expired for Plaintiff to respond to the *Motion Dismiss* and the deadline to respond to Defendants' Motion Strike expired

recently on October 16, 2015. However, Plaintiff has filed no responsive pleading or any motion seeking leave to file such pleading.

As to factors two and four, Defendants state that they are prejudiced and dismissal is appropriate. This is not a simple case of delay on behalf of the Plaintiff. This is a case of complete inaction. Plaintiff has failed to respond and has failed to explain to the Court through the filing of any type of motion the reason for such failure. *See Hanshaw* WL 4063828, at *4 (Finding a failure "to participate in [the] civil action" prejudicing the party seeking dismissal). It is Plaintiff's case and Plaintiff has the burden of prosecuting it and moving it forward. Defendants should not be tethered to Plaintiff's inaction and forced to remain in legal limbo with regard to what Defendants' believe, pursuant to their Rule 12(b)(6) motion, is a meritless claim.

It is unclear to Defense Counsel why Plaintiff has failed to respond. However, Plaintiff's disregard for the pleadings deadlines set by the local rules evidences an intent not to participate and, thus, supports a finding that the matter should be dismissed with prejudice. If dismissal with prejudice is not found by the Court to be appropriate, then the Court should dismiss the matter without prejudice. Plaintiff's behavior in failing to respond to the Motions exhibits no interest in moving his case forward and meaningfully participating in the litigation. Thus, alternative remedies are unlikely to rectify Plaintiff's non-responsiveness. *See Deakins v. Metlife Auto & Home Ins. Agency, Inc.*, No. CIV.A. 1:08-1291, 2009 WL 1939180, at *4 (S.D.W. Va. July 2, 2009)(Finding dismissal without prejudice warranted where fines, costs, or damages against Plaintiff not likely to induce participation).

In the alternative, Defendant's Motion to Strike should be granted, prohibiting any response of Plaintiff from being considered by the Court in its deliberations upon Defendants' *Motion to Dismiss*.

                                      **LOGAN COUNTY BOARD OF EDUCATION, LOGAN MIDDLE SCHOOL, PHYLLIS ADKINS, WILLIAM DAVIS, MARK MCGREW, DR. PAT WHITE, JAMES FRYE, WILMA ZIGMOND, ERNESTINE SUTHERLAND, DAVID BURROWAY, HOWARD ROCKHOLD, ANITA GORE, and CHRISTOPHER MARCUS,**

                                      BY COUNSEL,

                                      /s/Duane J. Ruggier, II
                                      **DUANE J. RUGGIER II (WVSB #7787)**
                                      **JACOB D. LAYNE (WVSB #11973)**

**PULLIN, FOWLER, FLANAGAN, BROWN, & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: 304-344-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON, WEST VIRGINIA

J.M., a minor,
by and through TANYA LARDIERI,
his Parent and Next Friend,

    Plaintiff,

v.                                    CIVIL ACTION NO.: 2:15-cv-04822

LOGAN COUNTY BOARD
OF EDUCATION, *et al*,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants do hereby certify on October 20, 2015, that a true copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed CM/ECF participant:

Benjamin F. White, Esquire
Benjamin F. White, Attorney at Law
338 Main Street
Chapmanville, West Virginia 25508
*Counsel for Plaintiff*

                                    s/Duane J. Ruggier II
                                    **DUANE J. RUGGIER II (WVSB #7787)**
                                    **JACOB D. LAYNE (WVSB #11973)**

**PULLIN, FOWLER, FLANAGAN,**
**BROWN, & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: 304-344-0100