IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON, WEST VIRGINIA

J.M., a minor,
by and through TANYA LARDIERI,
his Parent and Next Friend,

    Plaintiff,

v.                                        CIVIL ACTION NO.: 2:15-cv-04822

LOGAN COUNTY BOARD
OF EDUCATION, *et al*,

    Defendants.

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO PROSECUTE

**COME NOW** the Defendants, Logan County Board of Education, Logan Middle School, Phyllis Adkins, William Davis, Mark McGrew, Dr. Pat White, and James Frye, each in their official capacities, Wilma Zigmond, Ernestine Sutherland, David Burroway, Howard Rockhold, Anita Gore, and Christopher Marcus, each in their individual and official capacities, by counsel Duane J. Ruggier II, Jacob D. Layne, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe PLLC, pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* and hereby present their *Supplemental Brief In Support of Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute* in which Defendants state and aver as follows:

Defendants previously filed a *Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute* on October 20, 2015. (ECF No. 11). Said motion and its supporting memorandum argued that Plaintiffs' Complaint should be dismissed with prejudice as Plaintiffs have failed to participate in the litigation and ignored the rules of the Court by failing to respond to Defendant's previously filed Rule 12(b)(6) *Motion to Dismiss* as well as Defendants' *Motion to*

*Strike*. (*See* ECF Nos. 11, 12). On the same date that Defendants filed their *Motion to Dismiss for Failure to Prosecute*, Defendants also filed a second motion to strike any pleading responsive to Defendant's initial *Motion to Strike*. (ECF No. 10). Plaintiffs failed to respond to both the *Motion to Dismiss for Failure to Prosecute* and the second *Motion to Strike*.

Defendants instant *Supplemental Brief* is presented to proffer additional reasons, which have become apparent since the filing of the *Motion to Dismiss for Failure to Prosecute*, that Defendants assert further support the Motion.

First, Defendants contend that dismissal of this matter is appropriate not only for failure to prosecute under Rule 41 as originally argued, but also for Plaintiffs' failure to comply with a court order. Rule 41(b) states in relevant part: "<u>If the plaintiff fails to</u> prosecute or to <u>comply with</u> these rules or <u>a court order</u>, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (Underline added).

This Honorable Court entered a "show cause" order on December 3, 2015. (ECF No. 14). The Court noted that Plaintiffs had failed to file responses to Defendants 12(b)(6) *Motion to Dismiss*, Defendants' *Motion to Dismiss for Failure to Prosecute*, and Defendants' first and second motions to strike. (ECF No. 14). The Court ordered Plaintiffs to "show cause in writing no later than December 14, 2015 as to why this civil action should not be dismissed for failure to prosecute pursuant to Rule 41(b)." (ECF No. 14). The Court further ordered that "Plaintiffs are hereby given **NOTICE** that their <u>failure to show cause in writing by the specified date will result in dismissal of this action with prejudice</u>." (ECF No. 14) (Bold type in original, underlining added).

December 14, 2015 has come and passed and Plaintiffs have failed to respond to the Court's show cause order. (*See* ECF Docket Sheet). Clearly, Plaintiffs have failed to comply

2

with the Court's show cause order which stated in no uncertain terms that the matter would be dismissed with prejudice should Plaintiffs fail to so respond. Accordingly, as Plaintiffs failed to respond, Plaintiff's Complaint should be dismissed with prejudice.

Second, Defendants repeated inaction since the filing of the *Motion to Dismiss for Failure to Prosecute* further tips the scales in favor of dismissing this case with prejudice for failure to prosecute under Rule 41(b). As stated by the Fourth Circuit Court of Appeals:

> This Circuit requires that the trial court consider four factors before dismissing a case for failure to prosecute:
>
> (1) the plaintiff's degree of personal responsibility;
> (2) the amount of prejudice caused the defendant;
> (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
> (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990); *See also Bauer v. C.I.R.*, 97 F.3d 45, 49 (4th Cir. 1996).

Plaintiffs have failed to respond to the *Court's Show Cause Order*, the *Motion to Dismiss for Failure to Prosecute* itself, and the *Second Motion to Strike*. This starkly shows "the presence of a drawn out history of deliberately proceeding in a dilatory fashion" as this inaction is in addition to Plaintiff's failure to respond to a substantive 12(b)(6) *Motion to Dismiss* and the Defendants' initial *Motion to Strike*. *Id.* Since the filing of this matter on April 15, 2015, the only action that Plaintiffs have taken in the seven months since has been to request the issuance of summons and attempt to perfect service on Defendants just days before the time period to perfect such service expired. (ECF No. 1) (*See also* ECF Docket Sheet). Plaintiffs' inaction is not an isolated incident of Plaintiffs missing a deadline. Plaintiffs have missed opportunities to respond to four pleadings and one show cause order. Quite simply, there is a seven month history of not participating.

3

Further, Defendants' have no knowledge as to why Plaintiffs have failed to participate. Plaintiffs possess ultimate personal responsibility for any failure to prosecute. It has been held that "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962)(Internal citation and quotations omitted). Accordingly, it is Plaintiffs' who bear personal responsibility for the failure to prosecute in this matter.

Plaintiffs' inaction here also prejudices the Defendants. Defendants have actively attempted to litigate this case and marshal it toward a conclusion. Plaintiffs have completely failed to engage. As previously stated, Defendants should not be held in legal limbo indefinitely while Plaintiffs, who brought this case, fail to act.

Last, if it was not clear at the time the Motion to Dismiss was filed, it is clear now that no sanction less drastic than dismissal is available to garner Plaintiffs participation. The Court's show cause order specifically warned Plaintiff that failure to timely respond to the order and show cause by the deadline "will result in dismissal of this action with prejudice." (ECF No. 14). If Plaintiffs are unmoved by this type of warning by the Court, then there is simply no remedy available to the Court that could spur Plaintiffs to action.

Accordingly, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint with prejudice as Plaintiffs have failed to comply with the Court's show cause order and Plaintiffs have failed to prosecute their case.

LOGAN COUNTY BOARD OF EDUCATION, LOGAN MIDDLE SCHOOL, PHYLLIS ADKINS, WILLIAM DAVIS, MARK MCGREW, DR. PAT WHITE, JAMES FRYE, WILMA ZIGMOND, ERNESTINE SUTHERLAND, DAVID BURROWAY, HOWARD ROCKHOLD, ANITA GORE, and CHRISTOPHER MARCUS,

BY COUNSEL,

/s/Duane J. Ruggier, II
**DUANE J. RUGGIER II (WVSB #7787)**
**JACOB D. LAYNE (WVSB #11973)**

**PULLIN, FOWLER, FLANAGAN, BROWN, & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: 304-344-0100

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON, WEST VIRGINIA

J.M., a minor,
by and through TANYA LARDIERI,
his Parent and Next Friend,

    Plaintiff,

v.                                        CIVIL ACTION NO.: 2:15-cv-04822

LOGAN COUNTY BOARD
OF EDUCATION, *et al*,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants do hereby certify on December 17, 2015, that a true copy of **SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed CM/ECF participant:

Benjamin F. White, Esquire
Benjamin F. White, Attorney at Law
338 Main Street
Chapmanville, West Virginia 25508
*Counsel for Plaintiff*

                                                    s/Duane J. Ruggier II
                                                    **DUANE J. RUGGIER II (WVSB #7787)**
                                                      **JACOB D. LAYNE (WVSB #11973)**

**PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: 304-344-0100