IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

J.M., et al.,

          Plaintiffs,

v.                                                CIVIL ACTION NO. 2:15-cv-04822

LOGAN COUNTY BOARD OF EDUCATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Motion to Dismiss, (ECF No. 7), Defendants' Motion to Strike, (ECF No. 9), Defendants' Second Motion to Strike, (ECF No. 10), and Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute, (ECF No. 11).

### *I.  Background*

The instant civil rights action was initiated on April 15, 2015 by Plaintiff Tanya Lardieri, on behalf of her minor son, J.M., asserting numerous state and constitutional tort claims against Logan Middle School and the Logan County Board of Education, as well as several individual school officials, administrators, and board members. (ECF No. 1.) Almost four months later, on August 6, 2015, Plaintiffs submitted electronic summons for service on the defendants. (ECF Nos. 3–4, 6.) Other than this action, the docket does not reflect any significant[1] activity by

---

[1] The Court notes that a Rule 26(f) report was filed on January 6, 2016, indicating that Plaintiffs' counsel had apparently participated in a Rule 26(f) meeting on January 5, 2016. (ECF No. 16.)

1

Plaintiffs in the nearly nine-month interval since the lawsuit was filed. The docket does reflect, however, a consistent history of non-responsiveness on the part of Plaintiffs, both to Defendants' filings and to an order of this Court.

On August 31, 2015, Defendants filed a motion to dismiss for failure to state a claim, asserting several substantive bases for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) When Plaintiffs failed to respond within fourteen days of service, as required by this Court's Local Rule of Civil Procedure 7.1(a)(7), Defendants filed, on October 2, 2015, a motion to strike any pleading responsive to the motion to dismiss. (ECF No. 9.) Plaintiffs again failed to respond, and on October 20, 2015, Defendants filed a second motion to strike, this time seeking to strike any pleadings responsive to Defendants' first motion to strike. (ECF No. 10.) That same day, Defendants filed a motion to dismiss Plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure of 41(b), based on Plaintiffs' failure to prosecute their case. (ECF No. 11.) Plaintiffs did not respond to Defendants' motion to dismiss for failure to prosecute, nor any other motion filed by Defendants in the instant case.

By Order entered December 3, 2015, this Court required Plaintiffs to demonstrate good cause in support of their failure to prosecute the case and warned Plaintiffs that failure to do so by December 14, 2015 would result in dismissal of the present action with prejudice. (ECF No. 14.) As of this date, over a month has passed since the show cause order was entered. Plaintiffs have not complied with that order, responded to any of Defendants' motions, or provided any explanation before this Court to justify their failure to prosecute this case.

## *II.   Discussion*

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) thus recognizes "that courts must have the authority to control litigation before them."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  Further, it builds upon a federal court's well-established inherent authority, "of ancient origin," to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  *See also United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) ("A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for this sanction.'" (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991))). Unless otherwise a noted, a Rule 41(b) dismissal is with prejudice.  *See* Fed. R. Civ. P. 41(b) (noting that unless otherwise specified in the dismissal order, dismissal under Rule 41(b) "operates as an adjudication on the merits"); *see also Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

When considering a party's motion to dismiss for failure to prosecute pursuant to Rule 41(b), the Court considers the following factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). These four factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist

3

the court, along with the particular circumstances of each case, in determining whether or not to grant a Rule 41(b) motion. *See Ballard*, 882 F.2d at 95. Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly," *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is committed to the sound discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95–96).

In the present case, there is no question that Plaintiffs have failed to prosecute their case, despite Defendants' filing of numerous potentially dispositive motions and this Court's entry of an order specifically warning that the case would be dismissed unless adequate explanation was made for the Plaintiffs' non-participation in the case. Accordingly, dismissal of the action is appropriate not only because of Plaintiffs' total failure to prosecute their case, but also because that failure resulted in noncompliance with this Court's show cause order.

Application of the Fourth Circuit's four-factor test compels this conclusion. With respect to the first factor, concerning the degree of personal accountability of the plaintiff, little in the record exists to determine whether the failures described above are properly attributed to Plaintiffs individually as opposed to their counsel. Nonetheless, although clients should not be held responsible for failures by counsel in which they clearly play no role, it is proper to hold clients to "some measure of responsibility both for selecting competent attorneys and, more important, for supervising their conduct in representing them under ordinary principles of agency." *Doyle*, 938 F.2d at 35 (citing *Link*, 370 U.S. at 633–34). In a case like this, where counsel has largely failed

4

to participate in the case and respond to opposing motions for a prolonged period of over four months—even when faced with a court order specifically demanding an explanation for the failure to prosecute—the first factor points towards dismissal.

The second factor, addressing the prejudice to the defendants resulting from the failure to prosecute, weighs even more strongly in favor of dismissal. Plaintiffs' non-participation in this litigation has left Defendants in limbo as to the status of the case against them and caused them to incur additional expenses. Three of the pending motions before this Court are directly related to Plaintiffs' non-responsiveness, including both motions to strike and the motion to dismiss for failure to prosecute. As this Court has previously noted, such costs are "certainly prejudicial to [defendants], and the Court is wary of imposing a sanction less severe than dismissal for fear of repetition." *Tastee Treats, Inc. v. U.S. Fid. & Guar. Co.*, 5:07-CV-00338, 2011 WL 2265541, at *3 (S.D. W. Va. June 7, 2011) *aff'd*, 474 F. App'x 101 (4th Cir. 2012).

The third factor requires an inquiry into the presence of a drawn out history of deliberately proceeding in a dilatory fashion. It is true that there is nothing in the record to demonstrate whether Plaintiffs' failures are deliberate. At the same time, however, that record does show a nearly complete failure to participate in this civil action since summons were submitted over five months ago. In such circumstances, not only is it evident that the Plaintiffs have proceeded in a dilatory fashion, but it is also "questionable whether [their] conduct can be regarded as 'proceeding' at all." *Medici888, Inc. v. Rileys Ltd.*, No. 2:12CV317, 2014 WL 4199790, at *4 (E.D. Va. Aug. 22, 2014). Accordingly, the third factor weighs strongly in favor of dismissal of the present case. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (finding that the third factor weighed in favor of

dismissal where the plaintiffs' total failure to participate in the case after a stay was lifted demonstrated that "there is *only* a history of dilatory action by Plaintiffs"). Accordingly, the third factor weighs strongly in favor of dismissal of the present case.

Finally, in light of Plaintiffs' lack of participation in this case, including in response to a motion to dismiss that specifically called attention to the failure to prosecute as a basis for dismissal, the Court cannot conclude that less drastic sanctions will be effective in the present case. This Court has already specifically warned Plaintiffs that the case would be dismissed unless they demonstrated some cause as to their failure to prosecute, only to have that warning fall on deaf ears. Given that fact it is difficult to comprehend how any sanction short of dismissal would induce Plaintiffs to proceed in their prosecution of this case.[2] *See Ballard*, 882 F.2d at 95–96 (finding that the plaintiff's noncompliance with show cause order left district court with "little alternative to dismissal" because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse"); *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993))).

---

[2] In their motion to dismiss for failure to prosecute, the defendants expressly seek a dismissal with prejudice. As noted above, however, it does appear that Plaintiffs' counsel participated in a Rule 26(f) conference earlier this month. While this fact does not alter the foregoing analysis with respect to dismissal in light of Plaintiffs' documented failure to prosecute, the Court deems it relevant to the determination of whether that dismissal should be with or without prejudice. The Court ultimately determines that a dismissal without prejudice is a more appropriate sanction in light of Plaintiffs' counsel's participation in the Rule 26(f) conference and the Fourth Circuit's guidance that "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis*, 588 F.2d at 70 (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

### *III.   Conclusion*

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute, (ECF No. 11), is **GRANTED** insofar as that motion requests that Plaintiffs' complaint be dismissed.  In light of this disposition, Defendants' first Motion to Dismiss, (ECF No. 7), Motion to Strike, (ECF No. 9), and Second Motion to Strike, (ECF No. 10), are **DENIED AS MOOT**.   The Court **DISMISSES WITHOUT PREJUDICE** this civil action and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 13, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE